The opinion of the court was delivered by
Marr, J.
Bernard Seir, by his will, gave to his wife, Catherine Kramer, the usufruct of his entire succession ; and he left a daughter Josephine, wife of Joseph Snow, who was his forced heir. The will was probated; and by judgment of the Second District Court of date May •4,1876, Mrs. Seir was recognized as the usufructuary, and her daughter Josephine was recognized as sole forced heir of her deceased father: and it was ordered that the usufructuary and the daughter, sole heir, ■“in their respective capacities, be put in possession of all the property, real, personal, or mixed, left by said deceased.”
In October, 1877, Mrs. Josephine Snow, aided and assisted by her husband, brought suit in the Sixth District against her mother, to have •the usufruct declared to be extinguished, for various causes. The proceeding is novel.
On March 16,1878, final judgment was signed, the reasons for which were orally assigned, decreeing the “ absolute extinction of the right of usufruct bequeathed to Catherine Kramer, widow, by her deceased husband, Bernard Seir.” She moved for a suspensive appeal, on the same *1015 «slay., in open, court, and it was granted, returnable in this court on the .-Jirsfc Monday of April, on her giving bond in the sum of $500. The bond -was® given and filed on the 25th March. On the 16th March, the day on the judgment was signed and the appeal granted, nine days be■foce the appeal bond was dated and filed, plaintiff’s counsel took a rule on the defendant, appellant, to show cause why the appeal should not be • dismissed, and execution issue, on the grounds:
1. That the surety in the bond is not good and solvent, nor such as ■ Is required fey law;
2. That the amount of said bond is insufficient and' entirely inade- • quate to the protection of plaintiff’s interest.
One would naturally suppose that the taking of this rule on the first .ground would not have preceded the giving of the bond ; but the origi,inal «notion is before us, and it was actually filed on the 16th March, as ths copy from the minutes in the transcript shows.
The rule was tried and submitted on the 28th March ; and on the T2th April it was made absolute: the appeal, so far as it was made susCgeBsive, was dismissed; and it was ordered that execution issue to enforce th.% judgment
Meantime, on the 4th April, Mrs. Kramer’s appeal was perfected by ■the filing of the transcript in this court. Subsequently she applied for -a writ of prohibition, forbidding the judge and the plaintiffs, Josephine tSffiow and her husband, Joseph Snow, to proceed further in the cause. YThe -usual rule nisi was granted; and an answer, which begins with a ¡.general denial, was filed. This answer purports to be that of Josephine ¡and Joseph Snow. It is signed by their attorney, and also by the judge; it is not sworn to by any one. We think it should have been sworn to: this has been the practice; and it is in every respect proper.
The .party applying for a writ of prohibition makes out such a state -of ease, by the allegations of his petition, as, prima facie, entitles him to the writ, and the object of the rule nisi is to enable the judge and the persons against whom the writ is prayed for to be heard, and to -.show any facts, not stated by the relator, which may tend to destroy the prima fade case made by the petition. This rule does not admit of ‘¡exceptions, nor of the general denial: it simply requires a statement of such facts, appearing of record, or reference to such rules of law as, in ’the estimation of the respondent, authorize the acts complained of.
The judgment making the rule absolute, .and ordering execution, •¡áoes net inform us whether the judge decided that the sureties were ¡pecuniarily insufficient, or that the amount of the bond was not suffi.-•eieni. If he held that the sureties were not pecuniarily sufficient, we do ¡-mot agree with him. There were two sureties, both owners of real estate, -one of them a man of large means, either of them amply sufficient. If *1016 lie decided that the amount was not sufficient, the error in fixing that: amount was his ; and the utmost that he could have done, if he had that, power, after the bond was signed and filed, would have been to have-allowed a rule on appellant to show cause why bond should not be given for a larger amount. But we think, when the bond was once given and: filed, the District Court had no further jurisdiction or control of the-case, except to inquire into and to pass upon the solvency and sufficiency of the sureties on the appeal bond. If the judge erred in fixing the-amount of the bond, his order might have been reviewed by this court we think it was not competent for him to do so.
The judgment appealed from did not decree the payment of any sum of money; and it did not decree the delivery of any movable or immovable property. It simply decreed the extinction of the right of usufruct.
The answer states that the value of the real property subject to theusufruct was $6300 : that the revenues for three years, during which the-appeal would probably be pending in this court, would be $2592 ; and that a bond for $10,188 would be necessary to protect the plaintiffs.
As the judgment is not one falling within the terms either of article-575 or 576 or 577 of the Code of Practice, the judge was bound, in granting the appeal, to fix the amount under the provisions of articles. 573, 574. Having done this, and the bond having been given and filed,, the judge had no power to dismiss the appeal, nor to make it devolutiveinstead of suspensive.
If the bond should have been for a larger amount, it would be highly unjust to deprive the appellant of the benefits of a suspensive appeal' for no other fault than a strict compliance with the terms and conditions on which the order of appeal had been granted. In this case the judge decided that the bond was not sufficient, on the 12th April, nearly a month after the judgment appealed from was signed ; and when the right of suspensive appeal no longer existed. If the objection had been passed upon within the delay fixed for a suspensive appeal, non constat that appellant would not have been able to have given such bond as might have accorded with the changed views of the judge. His attention was called to the amount of the bond on the 16th March, the day on-which he had fixed the amount; and it was too late for him, after the bond had been given and filed; after the delay for a suspensive appeal had expired, to impose upon the appellant new conditions, or to dismiss the suspensive appeal.
It is therefore ordered, adjudged, and decreed that the rule nisi herein granted be made absolute: that the'prohibition as prayed for be made peremptory; and that respondents pay the costs of this proceeding.